FILED by YH D.C.

Sep 15, 2021

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 21-80142-CR-CANNON/REINHART

18 U.S.C. § 371

UNITED STATES OF AMERICA

vs.

**GIULIO STAIANO,**

        Defendant.
_____/

## INFORMATION

The Acting United States Attorney charges that:

### GENERAL ALLEGATIONS

At all times material to this Information:

1. LNAR, Inc. ("LNAR") was a corporation formed under the laws of Florida with a principal place of business in Broward County.

2. LBAKJ Consulting, LLC ("LBAKJ") was a limited liability company formed under the laws of Florida with a principal place of business in Broward County.

3. **GIULIO STAIANO** was a resident of Broward County, a certified public accountant, and an owner and officer of both LNAR and LBAKJ.

4. Individual 1, a resident of Palm Beach County, was purportedly employed by **GIULIO STAIANO**, through LNAR.

5. The Financial Litigation Unit of the United States Attorney's Office in the Southern District of Florida ("FLU") was charged with litigating and enforcing the collection of criminal

debts owed to the United States and third parties, including criminal restitution, fines, and penalties.

6.  As part of the United States Department of Justice, the FLU was a department or agency of the United States.

7.  On or about December 16, 2008, in a case known to the Acting United States Attorney, the United States District Court for the Southern District of Florida issued a judgment against Individual 1 sentencing him to a federal prison term following his conviction of federal criminal offenses. As part of the judgment, the Court ordered Individual 1 to pay, jointly and severally with his co-defendants, restitution in the amount of $5,814,664. At all times relevant to this Information, Individual 1 owed a portion of this restitution order.

8.  The Court also ordered that Individual 1 "must notify the court and United States attorney of any material changes in economic circumstances." It furthered ordered Individual 1, during his term of supervised release, to "provide complete access to financial information, including disclosure of all business and personal finances, to the U.S. Probation Officer." Additionally, the Court ordered Individual 1 to maintain full-time employment, and issued a Self-Employment Restriction which required Individual 1 to obtain prior written approval from the Court before entering into any self-employment.

9.  As part of its investigation of Individual 1's ability to pay the restitution, and as part of its administration of the restitution order, the United States Department of Justice, through the FLU, required Individual 1 to submit information regarding his finances in a form called a "Financial Statement of Debtor."

**Conspiracy to Make a False Entry in a Record to
Obstruct the Administration of an Agency or Department of the United States
(18 U.S.C. § 371)**

From on or about October 6, 2015, and continuing through on or about November 7, 2017, in Palm Beach County, in the Southern District of Florida, and elsewhere, the defendant,

**GIULIO STAIANO,**

did knowingly and willfully, that is, with the intent to further the object of the conspiracy, combine, conspire, confederate, and agree with Individual 1 and others known and unknown to the Acting United States Attorney, to knowingly make a false entry in a record and document, that is, Individual 1's Financial Statement of Debtor, with the intent to impede, obstruct, and influence the investigation and proper administration of any matter within the jurisdiction of any department and agency of the United States, that is, the United States Department of Justice's investigation and proper administration of Individual 1's ability to pay a restitution judgment, in violation of Title 18, United States Code, Section 1519.

**Purpose of the Conspiracy**

10. It was a purpose of the conspiracy for the defendant and his co-conspirators to conceal Individual 1's self-employment and income from the FLU in order to avoid payment of a restitution judgment owed by Individual 1.

**Manner and Means of the Conspiracy**

The manner and means by which the defendant and his co-conspirators sought to accomplish the object and purpose of the conspiracy included, among other things, the following:

11. **GIULIO STAIANO** created an employment position for Individual 1—Vice President of New Client Counseling at LNAR, an entity owned and controlled by **STAIANO**—in

an effort to prevent the FLU of the United States Department of Justice from discovering that Individual 1 was, in fact, self-employed and making a substantial income.

12.     **GIULIO STAIANO** created LBAKJ, a shell company, and opened bank accounts in the name of LBAKJ into which Individual 1 could receive income from his self-employment.

13.     **GIULIO STAIANO** received Individual 1's income from Individual 1's self-employment into accounts held in the name of LBAKJ, and then transferred the money to accounts controlled by Individual 1.

14.     With **GIULIO STAIANO**'s knowledge and consent, Individual 1 falsely reported to the FLU at the United States Department of Justice that he was not self-employed, that he was an employee of LNAR, that his income from LNAR was the sole source of his income, and that he did not have income of any nature other than from LNAR.

## Overt Acts

1.     On or about October 6, 2015, **GIULIO STAIANO** formed LBAKJ as a limited liability company under the laws of Florida.

2.     On or about October 13, 2015, **GIULIO STAIANO** opened a bank account at Branch Banking & Trust in Fort Lauderdale, Florida, in the name of LBAKJ and listed himself as the sole signatory on the account.

3.     On or about April 21, 2017, **GIULIO STAIANO**, through LBAKJ, wired approximately $6,000 to an account controlled by Individual 1.

4.     On or about June 21, 2017, **GIULIO STAIANO**, through LBAKJ, wired approximately $10,000 to an account controlled by Individual 1.

5.     On or about August 27, 2017, **GIULIO STAIANO**, through LBAKJ, wired approximately $7,000 to an account controlled by Individual 1.

6.  On October 17, 2017, Individual 1 executed and certified a Financial Statement of Debtor form, which, as **GIULIO STAIANO** knew, falsely represented that Individual 1 was not self-employed, that Individual 1 was only an employee of **STAIANO**'s company, LNAR, and that Individual 1's only income derived from LNAR.

7.  On November 7, 2017, Individual 1 caused the submission of a Financial Statement of Debtor form to the FLU at the United States Department of Justice falsely reporting that he was not self-employed, that he was only an employee of LNAR, that his income from LNAR was the sole source of his income, and that he did not have income of any nature other than from LNAR.

All in violation of Title 18, United States Code, Section 371.

JUAN ANTONIO GONZALEZ
ACTING UNITED STATES ATTORNEY
SOUTHERN DISTRICT OF FLORIDA

JOSEPH S. BEEMSTERBOER
ACTING CHIEF
CRIMINAL DIVISION, FRAUD SECTION
U.S. DEPARTMENT OF JUSTICE

ALLAN MEDINA, DEPUTY CHIEF
CRIMINAL DIVISION, FRAUD SECTION
U.S. DEPARTMENT OF JUSTICE

PATRICK J. QUEENAN
TRIAL ATTORNEY
CRIMINAL DIVISION, FRAUD SECTION
U.S. DEPARTMENT OF JUSTICE

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA

v.

GIULIO STAIANO,

      Defendant.            /

CASE NO. _____

### CERTIFICATE OF TRIAL ATTORNEY*

**Superseding Case Information:**

Court Division: (Select One)
- [ ] Miami
- [ ] Key West
- [ ] FTL
- [✓] WPB
- [ ] FTP

New defendant(s) [ ] Yes [ ] No
Number of new defendants _____
Total number of counts _____

1. I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.
2. I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. Section 3161.
3. Interpreter: (Yes or No) **No**
   List language and/or dialect _____
4. This case will take __0__ days for the parties to try.
5. Please check appropriate category and type of offense listed below:

   (Check only one)
   - I    0 to 5 days         [✓]
   - II   6 to 10 days        [ ]
   - III  11 to 20 days       [ ]
   - IV   21 to 60 days       [ ]
   - V    61 days and over    [ ]

   (Check only one)
   - Petty         [ ]
   - Minor         [ ]
   - Misdemeanor   [ ]
   - Felony        [✓]

6. Has this case previously been filed in this District Court? (Yes or No) **No**
   If yes: Judge _____ Case No. _____
   (Attach copy of dispositive order)
   Has a complaint been filed in this matter? (Yes or No) **No**
   If yes: Magistrate Case No. _____
   Related miscellaneous numbers: _____
   Defendant(s) in federal custody as of _____
   Defendant(s) in state custody as of _____
   Rule 20 from the District of _____
   Is this a potential death penalty case? (Yes or No) **No**

7. Does this case originate from a matter pending in the Central Region of the U.S. Attorney's Office prior to August 9, 2013 (Mag. Judge Alicia O. Valle)? (Yes or No) **No**
8. Does this case originate from a matter pending in the Northern Region of the U.S. Attorney's Office prior to August 8, 2014 (Mag. Judge Shaniek Maynard? (Yes or No) **No**
9. Does this case originate from a matter pending in the Central Region of the U.S. Attorney's Office prior to October 3, 2019 (Mag. Judge Jared Strauss)? (Yes or No) **No**

_____
PATRICK J. QUEENAN
DOJ Trial Attorney
Court ID No.    A5502715

*Penalty Sheet(s) attached

REV 3/19/21

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**PENALTY SHEET**

**Defendant's Name:**     GIULIO STAIANO

**Case No:** _____

Count #:   1

Title 18, United States Code, Section 371

Conspiracy to Make False Entry in a Record to Obstruct Administration of an Agency of the United States

**Max Penalty**:   Statutory maximum term of imprisonment up to five (5) years; up to three (3) years of supervised release; $100 special assessment; and a fine up to the greater of $250,000 or twice the pecuniary gain or loss.

AO 455 (Rev. 01/09) Waiver of an Indictment

# UNITED STATES DISTRICT COURT
for the
Southern District of Florida

| | | |
|---|---|---|
| United States of America | ) | |
| v. | ) | Case No. |
| | ) | |
| Giulio Staiano, | ) | |
| *Defendant* | ) | |

## WAIVER OF AN INDICTMENT

I understand that I have been accused of one or more offenses punishable by imprisonment for more than one year. I was advised in open court of my rights and the nature of the proposed charges against me.

After receiving this advice, I waive my right to prosecution by indictment and consent to prosecution by information.

Date: _____

_____
*Defendant's signature*

_____
*Signature of defendant's attorney*

MICHAEL ROSEN, ESQ.
*Printed name of defendant's attorney*

_____
*Judge's signature*

_____
*Judge's printed name and title*